# IN THE COURT OF APPEALS OF IOWA

No. 14-0762
Filed June 15, 2016

**DAVID HERING,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Muscatine County, Henry W. Latham II, Judge.

Applicant appeals the district court decision dismissing his application for postconviction relief on the ground it was untimely. **AFFIRMED.**

William R. Monroe of the Law Office of William Monroe, Burlington, for appellant.

David Hering, Anamosa, appellant pro se.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

David Hering appeals the district court decision dismissing his application for postconviction relief on the ground it was untimely. We find Hering's notice of appeal was timely filed, however, we determine Hering's application for postconviction relief, filed on January 17, 2014, is untimely under Iowa Code section 822.3 (2013). We affirm the decision of the district court.

## I.    Background Facts & Proceedings

Hering was convicted of first-degree murder for killing his wife and of two counts of attempted murder for shooting at officers who responded to a 911 call from his residence. His convictions were affirmed on appeal. *See State v. Hering*, No. 04-1222, 2006 WL 60678, at *1 (Iowa Jan. 11, 2006).

Hering filed the present application for postconviction relief on January 17, 2014, claiming his convictions were void because he was incompetent to stand trial under Iowa Code chapter 812. The district court, sua sponte, filed a notice of intent to dismiss the application as untimely under section 822.3. The State agreed the application was untimely and also stated the principle of res judicata barred additional litigation on the issue because it had been adjudicated in a prior postconviction action. Hering resisted the notice of intent to dismiss.

The district court entered an order on April 1, 2014, dismissing Hering's application for postconviction relief on the grounds of untimeliness and res judicata. On April 9, 2014, Hering filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), claiming the court did not address his assertion his criminal convictions were void because he was not competent to stand trial. The district

court entered an order on April 29, 2014, denying Hering's rule 1.904(2) motion. Hering appealed on May 7, 2014.

## II.     Timeliness of Appeal

The State filed a motion to dismiss Hering's appeal on the ground it was untimely. The State claimed Hering did not file a proper rule 1.904(2) motion and therefore it did not toll the time for filing an appeal. The Iowa Supreme Court denied the motion to dismiss but ruled the issue could be raised by the State on appeal, which the State has done.

We determine Hering's appeal is not untimely. Hering claimed the statute of limitations for filing postconviction actions found in section 822.3 should not apply because his convictions were void and the district court had not specifically addressed this issue. Therefore, we determine Hering filed a proper rule 1.904(2) motion and he timely appealed after the district court ruled on his motion. *See State v. Krogmann*, 804 N.W.2d 518, 524 (Iowa 2011); *Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002).

## III.     Timeliness of Postconviction Application

The district court found Hering's application for postconviction relief was untimely. We review the district court's decision for the correction of errors at law. *See Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). An application for postconviction relief must be "filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. A writ of procedendo from Hering's direct appeal was filed on January 24, 2006, and his application for postconviction relief was filed almost eight years later, on January 17, 2014.

There is a statutory exception for applications based upon "a ground of fact or law that could not have been raised within the applicable time period." *Id.* Hering claims a past conservatorship proceeding provides the "ground of fact or law that could not have been raised within the applicable time period." *See id.* While Hering's criminal case was pending, the Muscatine County Sheriff filed a petition for the appointment of a conservator for Hering, and the district court entered an order finding "David L. Hering, is presently incarcerated in the Muscatine County Jail and that it would be in his best interests that a Conservator be appointed during the pendency of his incarceration."[1] Hering was aware prior to his criminal trial a conservator had been appointed for him and there had not been a competency hearing under chapter 812. He has failed to show his present claim could not have been raised within the three-year time period found in section 822.3.

Hering claims the statute of limitations for postconviction actions does not apply to his application because his criminal convictions are void due to his assertion he was mentally incompetent at the time of his criminal trial. When a defendant is determined to have been incompetent at the time of trial, the criminal conviction is reversed, not declared void. *See State v. Pedersen*, 309 N.W.2d 490, 501 (Iowa 1981).

---

[1] In an earlier case concerning Hering, the district court, when discussing the application to appoint a conservator, found "the conservatorship proceeding may have been prompted more by his incarceration and a desire to preserve his assets for his children, than a truly impaired capacity to make, communicate, or carry out important decisions concerning his financial affairs."

We determine Hering's application for postconviction relief, filed on January 17, 2014, is untimely under section 822.3. We affirm the decision of the district court.

**AFFIRMED.**